UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CEDRIC GREENE, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>ST. VINCENT DE PAUL, )<br>*Cardinal Manning Center* )<br>)<br>    Defendant. ) | Civil Action No. 1:23-cv-03822 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application, and for the reasons explained below, it will dismiss the complaint without prejudice.

Plaintiff, a resident of Los Angeles, California, sues St. Vincent De Paul's Cardinal Manning Center, a non-profit transitional residential program for unhoused individuals, also located in Los Angeles. *See* Compl. at 1–2, 4. Plaintiff alleges that, while living at the Center in December 2021, he was illegally restrained and unable to freely leave, under the guise of a quarantine, due to his unvaccinated status. *See id.* at 4. He demands $17,000 in damages. *See id.*

Plaintiff has failed to establish this court's subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See id*. A party seeking relief in the district court must at least plead facts that bring the suit within

the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff purports to bring this case under "federal question" jurisdiction. *See* Compl. at 3. Federal question jurisdiction "must affirmatively appear clearly and distinctly." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Here, plaintiff not only fails to cite to any federal authority, but the court cannot so much as infer a federal question from the allegations presented against the named defendant.

Although plaintiff does not plead diversity jurisdiction, the court notes that he has nonetheless failed to establish it. Both plaintiff and defendant are located in California, thereby defeating any diversity jurisdiction. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Moreover, plaintiff's claimed damages fall well below the $75,000 threshold to bring suit in federal court. *See* 28 U.S.C. § 1332(a); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

Finally, *assuming arguendo* plaintiff had established subject matter jurisdiction, there is absolutely no connection between this matter and this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district

in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue).  Here, as noted, all of the parties are located in California, and all of the actions giving rise to plaintiff's claims allegedly occurred in California.

Consequently, this matter is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3).  An order consistent with this memorandum opinion is issued separately.

DATE: January 29, 2024                            /s/ CHRISTOPHER R. COOPER
                                                  United States District Judge